IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATAN RODRIGUEZ, | § | |
| | § | |
| Defendant Below-<br>Appellant, | § | No. 105, 2017 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1112016434 (N) |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: April 27, 2017
Decided: May 22, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 22nd day of May 2017, it appears to the Court that:

(1)     On March 9, 2017, the Court received the appellant's notice of appeal from the Superior Court's order, docketed on January 31, 2017, denying the appellant's motion for correction of sentence. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before March 2, 2017.

(2)     The Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely filed.[1] The appellant filed a response to the notice to show cause on March 20, 2017. He asserts that his appeal is untimely

---

[1] Del. Supr. Ct. R. 29(b) (2017).

because all of his legal papers were seized as evidence by the State following a hostage situation that occurred in the prison building in which he is housed, and he had to wait for the Superior Court to send him additional copies. He also contends that he did not have access to a pen while the prison was on lockdown.

(3) The State was directed to file a reply to the appellant's response. The State points out that the appellant does not indicate when he first received a copy of the order on appeal or when the lockdown ended. The State also asserts that the appellant did not need to attach a copy of the order on appeal in order to file a timely notice of appeal. The State argues that a timely appeal is a jurisdictional requirement and that the appellant has failed to allege or demonstrate that his untimely filing is attributable to court-related personnel.

(4) Under Supreme Court Rule 6(a)(iv), the appellant's notice of appeal was due on or before March 2, 2017, which was 30 days from the date the order on appeal was docketed. The appellant does not assert that the Superior Court failed to provide him with a copy of the order in a timely manner or that he otherwise did not receive timely notice of the court's decision.

(5) The circumstances that occurred at the James T. Vaughn resulted in a lockdown for a period of some days and was no doubt disruptive to inmates, including to those needing to file legal papers. But, absent from the appellant's filing is any explanation of why he could not have filed a notice of appeal within the

2

time frame required. The appellant has filed other appeals and therefore understands the process. He also did not need all his papers to file a simple notice of appeal in a timely way. Had he done so, he could have asked for and would have been granted more time, if needed, to file his opening brief.

(6) Time is a jurisdictional requirement.[2] A notice of appeal *must be received* by the Office of the Clerk of this Court within the applicable time period to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Thus, the appeal must be dismissed for lack of jurisdiction.

(7) Even if his appeal was timely filed, it is without merit. Rodriguez seeks to appeal from the Superior Court's denial of his motion for correction of illegal sentence. Rodriguez pled guilty in June 2013 to Manslaughter (as a lesser included offense to Murder by Abuse or Neglect in the First Degree) and Assault by Abuse or Neglect, both Class B felonies with a sentencing range of two to twenty-five years. The Superior Court sentenced Rodriguez in September 2013 to a total period of fifty years at Level V incarceration, to be suspended after serving forty years for a period of probation. The sentence is within the authorized range and is not illegal.

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3]Del. Supr. Ct. R. 10(a) (2017).
[4]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

(8)     We recognize, however, that even though the sentencing order was not illegal, the Superior Court's order denying Rodriguez's motion does appear to contain extraneous information in paragraph six (referring to a violation of probation hearing and lack of amenability to community-based supervision). The Superior Court may have confused the appellant's motion with another case. Thus, if the court on its own motion believes that it erred, it should revisit the motion and its order and correct the record.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

4